UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
02 APR 30 PM 2:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

ROOSEVELT HOUSTON, )
)
Plaintiff, )
)
vs. ) Civil Action No. CV-01-S-1520-NE
)
WAL-MART STORES, INC., )
)
Defendant. )
)

ENTERED
APR 3 0 2002

## MEMORANDUM OPINION

This action presently is before the court on the motion for summary judgment filed by defendant Wal-Mart Stores, Inc. (doc. no. 11). The court has reviewed the pleadings and the evidentiary submissions of the parties. Based on that review, the court is of the opinion that it lacks subject matter jurisdiction, and that the case accordingly is due to be remanded to the Circuit Court of Limestone County, Alabama.

### I. FACTUAL BACKGROUND

Roosevelt Houston filed suit in the Circuit Court of Limestone County, Alabama on May 9, 2001. He alleges that he sustained injuries when he slipped and fell in defendant's store, due to defendant's negligence. (Complaint ¶¶ 5-7.) Plaintiff seeks "[c]ompensatory damages adequate to compensate [him] for physical, mental pain and suffering, past, present, and future [and] [m]edical expenses, existing and future." (Complaint at 3.)

On June 15, 2001, defendant removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting jurisdiction based upon the parties' diversity of citizenship. 28 U.S.C. § 1332(a). With regard to the requisite amount in controversy, however, defendant alleged only that "[a]lthough

the Plaintiff seeks an unspecified amount of compensatory damages, the Complaint alleges the following injuries and damages: that the Plaintiff suffered injuries to his leg, neck, and back; and that he has suffered physical and mental pain; has incurred medical expenses, and 'will be compelled in the future to expend further large sums of money for such care and cure.'"(Notice of Removal (Doc. No. 1) ¶ 4, at 2.)

This court entered an order on July 12, 2001 (doc. no. 3), advising the parties that it was not clear from the pleadings that plaintiff's claim for damages exceeded $75,000. This court further advised the parties that if plaintiff desired to remain in the state forum he originally chose, he should file an amended complaint disclaiming damages in excess of $75,000, accompanied by a motion to remand, no later than July 27, 2001. Absent such an amendment, the court indicated that it would proceed as if it had subject matter jurisdiction. Plaintiff did not so amend his complaint. Even so, the court now has had the opportunity to review defendant's evidentiary submission — namely, plaintiff's deposition testimony — and has concluded that it lacks subject matter jurisdiction.

## II. DISCUSSION

At the outset, the court observes that it would have granted defendant's motion for summary judgment, adopting the arguments made by defendant in its brief. Upon review of defendant's evidentiary submission in support of its motion, however, this court has determined that it is necessary to address the threshold issue of the court's subject matter jurisdiction.

It is a fundamental proposition that federal district courts are courts of limited jurisdiction, "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405,

409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831, 119 S.Ct. 2295, 2307, 144 L.Ed.2d 715 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)); *see also, e.g.*, *Galindo-Del Valle v. Attorney General*, 213 F.3d 594, 598 n.2 (11th Cir. 2000) (observing that federal courts are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."), *cert. denied,* — U.S.—, 121 S.Ct. 2590, 150 L.Ed.2d 749 (2001); *University of South Alabama,* 168 F.3d at 410 ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.").

It is well settled in the Eleventh Circuit that the amount in controversy is evaluated from the viewpoint of the plaintiff. *See Ericsson GE Mobile Communications v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216, 218-20 (11th Cir. 1997). Here, the only evidence of plaintiff's potential damages consists of plaintiff's deposition testimony.

During his deposition, plaintiff stated that he fell while shopping in the Wal-Mart SuperCenter located in Athens, Alabama, on October 25, 1999,[1] and injured his neck, back, and leg. Plaintiff was assisted to his car by several Wal-Mart employees, and he drove himself to the hospital.[2] At the hospital, plaintiff sought emergency room treatment, was prescribed medication, and was released to the care of his doctor.[3] He had an appointment with his physician, Dr. Bridges, about ten days after he fell. Dr. Bridges took x-rays of plaintiff's injuries and prescribed

---

[1] Defendant's Motion for Summary Judgment (doc. no. 11), Exhibit 2, at 46.
[2] *Id.* at 94.
[3] *Id.* at 96.

medication.[4]  Plaintiff stated that he has not received any medical treatment other than pain medication.[5]  Plaintiff testified that he did not know the amount of his medical bills.[6]  At the time of his deposition, plaintiff had been receiving Social Security disability benefits for several years.[7]  He therefore does not seek compensation for lost wages.[8]  When plaintiff was asked by counsel for Wal-Mart how his daily activities were limited by his injuries, plaintiff stated that he could not do yard work,[9] could not walk around Wal-Mart,[10] and that he could only drive short distances.[11]

In light of the foregoing, rather sparse evidence, this court finds that no reasonable jury could conclude, based upon a preponderance of the evidence, that plaintiff's claim for damages even approaches $75,000, much less that it exceeds that amount.  Accordingly, this court lacks subject matter jurisdiction, and this action is due to be remanded to the Circuit Court of Limestone County, Alabama, from which it was removed.  An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 30th day of April, 2002.

United States District Judge

---

[4] *Id.* at 100.
[5] *Id.* at 100, 108-15.
[6] *Id.* at 101-02.
[7] *Id.* at 24.
[8] *Id.* at 116.
[9] *Id.* at 117.
[10] *Id.* at 118.
[11] *Id.* at 119.